IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN TERRENCE DAVIS                                                                        PLAINTIFF

V.                                                               CIVIL ACTION NO.4:08CV85-SA-JAD

CHRISTOPHER EPPS, et al.                                                              DEFENDANTS

REPORT AND RECOMMENDATION

The plaintiff Kevin Davis has filed a motion for a temporary restraining order and preliminary injunction (Doc. 2). He seeks to compel his medical providers to send him to a specialist for examination and treatment of his hepatitis C. He also seeks to compel the warden Morris and the Superintendent Kelly to attend to his medical needs and "because they have done nothing to help protect against a second attack.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court. *Canal Authority of State of Florida*, 489 F.2d at 572. The movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting injunctive relief will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621.

The plaintiff alleges that he is in need of specialized treatment but has provided no competent evidence at this time that he is in need of specialized treatment, nor any competent evidence that he will suffer irreparable harm in the absence of this court intervening in his medical care. Competent proof in this area can only be supplied by expert medical witnesses. Questions touching on the appropriate care for a particular illness and the degree to which timing in care are obviously matters beyond the knowledge of lay persons. Davis' opinion on these subjects is not competent. Rule 701 F.R.E.; *State v. Brown*, 836 S.W. 2d 530, 549 (1992).

With regard to his complaint about fears regarding another attack neither the motion nor its supporting brief suggests how Davis' claim meets any one, much less all four of the prerequisites for the relief sought. The brief does not address this particular part of the request for relief at all.

Having failed to show that he is entitled to any preliminary equitable relief, the undersigned recommends that the motion for temporary restraining order and for a preliminary injunction be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.

2

Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

    This the 3rd day of December, 2008.

                                          /s/ JERRY A. DAVIS
                                          UNITED STATES MAGISTRATE JUDGE