IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEVIN TERRENCE DAVIS                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO.4:08CV85-SA-JAD

CHRISTOPHER EPPS, et al.                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

On December 2, 2008, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court via videoconference for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Davis' complaint alleges that multiple defendants (Unknown Randle, Unknown Simmons, Unknown Moore and Dolester Foster) failed to protect him from an inmate's assault. However at the hearing Davis testified that he had not been threatened by the inmate prior to the attack. Davis asserted that various correction officers knew or should have known that the inmate might attack Davis based on alleged problems with the inmate and other inmates. The Eighth Amendment affords prisoners protection against injury at the hands of other inmates4. *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Where an inmate complains of the failure of the prison officials to protect him from attacks by other inmates, the Fifth Circuit Court of Appeals has stated:

> In order to state a §1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981)).

However, negligence or the lack of due care of the prison officials simply does not trigger the protections of the Due Process Clause. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct.

668, 670-71, 88 L.Ed.2d. 677 (1986). Here the plaintiff has not allege that there was any previous warning and therefore there can be no liability. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Carter v. Galloway*, 352 F.3d 1346 (11th Cir. 2003).

Additionally it appears that Davis has sued several individuals who have not been personally involved but are supervisors and/or policy makers, including Christopher Epps, E. L. Sparkman, Lawrence Kelly, Timothy Morris and Unknown Noel. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

The plaintiff has stated a claim for denial of medical care following the attack. Therefore process is being issued for Drs. Trinca, Santos, Lindell and Leham and Nurse Willoughby.

Additionally, Davis' amended complaint not only adds Dr. Leham, a proper defendant, but seeks to include officer Fred O'Banner. Davis complains that O'Banner has threatened him and been rude to him. This does not state a claim against O'Banner. The Fifth Circuit Court of Appeals has held that mere words, no matter how antagonistic, are not actionable. *McFadden v. State*, 713 F. 2d 143, 146 (5th Cir. 1983).

Accordingly it is recommended that this action be dismissed with prejudice as to the claim for failure to protect. It is recommended that the following defendants be dismissed with prejudice: Christopher Epps, E.L. Sparkman Lawrence Kelly, Timothy Morris, Unknown Randle, Unknown Simmons, Unknown Moore, Dolester Foster, Unknown Noel and Fred O'Banner.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

2

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 3rd day of December, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE