**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KEVIN TERRENCE DAVIS**                                                         **PLAINTIFF**

**V.**                              **No. 4:08CV085-A-D**

**CHRISTOPHER EPPS, et al.**                                         **DEFENDANTS**

**REVISED ORDER DENYING PLAINTIFF'S MOTION**
**TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

The application for leave to proceed *in forma pauperis* ("IFP") on appeal (docket entry 50) pursuant to 28 U.S.C. § 1915 is **DENIED** for the following reason(s):

☐ The applicant is not a pauper.

☐ The applicant has not complied with the requirements of 28 U.S.C. § 1915(a)(1) or (a)(2) or has failed to supply the consent and authorization forms required by the institution having custody of the applicant, allowing collection of fees from the inmate trust fund account or institutional equivalent.

☐ The applicant is barred from proceeding in forma pauperis on appeal because of the "three strikes" rule of 28 U.S.C. § 1915(g).

☒ Pursuant to 28 U.S.C. § 1915 (a)(3) and Fed. R. App. P. 24(a)(3), the court certifies, in accordance with the order entered on April 20, 2009 denying appointment of counsel, that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997).

**IF PERMISSION TO APPEAL *IN FORMA PAUPERIS* IS DENIED BECAUSE THE COURT CERTIFIES THE APPEAL IS NOT TAKEN IN GOOD FAITH, COMPLETE THE SECTION BELOW.**

☒ Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal

with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty (30) days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

☒ $5.00 is assessed as an initial partial fee. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

☒ Thereafter, the prisoner shall pay $450.00, the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fees of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collection and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**SO ORDERED,** this the 15th day of May, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**